Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>LUCINDA MANAGEMENT, LLC, CENTENNIAL FOOD CORPORATION dba IHOP RESTAURANT, NELLIS FOOD CORPORATION dba IHOP RESTAURANT, VEGAS FOOD CORPORATION dba IHOP RESTAURANT, CHEYENNE FOOD CORPORATION dba IHOP RESTAURANT, CRAIG FOOD CORPORATION dba IHOP RESTAURANT, BAYSHORE FOOD CORPORATION dba IHOP RESTAURANT, DiHOP CORPORATION dba IHOP RESTAURANT, COOPER STREET CLAM & OYSTER BAR, LLC, and Does 1-5 Inclusive,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT – Title VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

# NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended* and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Mercedes Garcia, Charging Party Sherri Sargent, Charging Party Aubrey Brown, and a class of similarly aggrieved individuals. As set forth with greater particularity in paragraphs 12 to 31 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Lucinda Management, LLC, Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Food Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP Restaurant, DiHop Corporation dba IHOP Restaurant, and Cooper Street Clam & Oyster Bar, LLC (herein collectively referred to as "Defendants") unlawfully subjected the Charging Parties and class of similarly aggrieved individuals to hostile work environment sexual harassment in violation of Title VII. The Commission also alleges that Defendants further violation Title VII by subjecting Charging Parties and class of similarly aggrieved individuals to retaliation for opposing unlawful employment practices.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 43 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

**PARTIES**

4. The Commission, Plaintiff, is an agency of the United States of America, charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendants Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, and Craig Food Corporation dba IHOP Restaurant have been corporations doing business in the State of Nevada, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Lucinda Management LLC has been a corporation doing business in the State of Nevada.

7. At all relevant times, Defendants Bayshore Food Corporation dba IHOP Restaurant and Cooper Street Clam & Oyster Bar, LLC, have been corporations doing business in the State of New York, and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times, Defendants employed Charging Party Mercedes Garcia, Charging Party Sherri Sargent, Charging Party Aubrey Brown and the class of similarly aggrieved individuals.

10. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complain to an act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

11. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known. Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by the Plaintiff.

**STATEMENT OF CLAIMS**

12. More than thirty (30) days prior to the institution of this lawsuit, Mercedes Garcia, Sherri Sargent, and Aubrey Brown filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

13. On December 22, 2016, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII and

inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

14. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The Commission was unable to secure through informal methods of conciliation from Defendants a conciliation agreement acceptable to the Commission.

16. On August 30, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Sexual Harassment

18. Since at least 2005, Defendants Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, and Craig Road Corporation dba IHOP Restaurant have operated dining establishments in Las Vegas, Nevada.

19. Since at least 2005, Defendants DiHop Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP, and Cooper Street Clam & Oyster Bar have operated dining establishments in New York.

20. Since at least 2005, Defendants have also operated a management company named Lucinda Management, LLC, in Las Vegas, Nevada.

21. Defendant Lucinda Management, LLC employs several the individuals who manage and control the operations of Defendants Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP

-5-

Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Road Corporation dba IHOP Restaurant, DiHop Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP, and Cooper Street Clam & Oyster Bar, LLC.

22. Defendant Lucinda Management, LLC also manages and controls the Human Resources, personnel matters, and payroll for Defendants Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Road Corporation dba IHOP Restaurant, DiHop Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP, and Cooper Street Clam & Oyster Bar, LLC.

23. Dominick Conti is the President, Secretary, and Treasurer for Defendants Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Road Corporation dba IHOP Restaurant, DiHop Corporation dba IHOP Restaurant, and Bayshore Food Corporation dba IHOP.

24. Dominick Conti is the Managing Member for Defendants Lucinda Management, LLC and Cooper Street Clam & Oyster Bar, LLC.

25. Defendants share common policies, equipment, and supplies.

26. Since at least 2005, Defendants implemented and enforced an unlawful sexual harassment policy ("Policy") at all its locations. The policy required employees who were sexually harassed by another employee to report the incident in writing within 72 hours to Defendants New York office, or else waive all rights to recovery against Defendants.

27. Defendants' Policy deterred sexual harassment complaints by requiring that detailed written statements be mailed to New York corporate headquarters and prohibits

-6-

submission of complaints to managers at locations where employees work and where the harassment would have occurred. As a result, Defendants discouraged the Charging Parties similarly aggrieved individuals from complaining about sexual harassment.

28. Defendants' Policy prevented local management from taking preventive or corrective measures even if they received sexual harassment complaints. Consequently, when the Charging Parties and similarly aggrieved individuals attempted to complain about sexual harassment to local management, local management failed to take any preventative or corrective action. Management frequently laughed off complaints, refusing to take them seriously.

29. The onerous requirements of Defendants' Policy created an atmosphere where employees and managers regularly and continuously engaged in sexual harassment, including but not limited to:

   a. Charging Party Mercedes Garcia worked as a Food Server at a Nevada location under the joint management and control of Defendant Centennial Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC. From 2006 to 2011, the General Manager and several of the cooks at Centennial subjected Mercedes Garcia to regular and repeated sexual harassment, including but not limited to unwanted touching of her buttocks, comments about her sexual genitalia, invitations to engage in intercourse, and vulgar name calling. Such conduct was unwelcome by Mercedes Garcia. When Mercedes Garcia complained to the General Manager at Centennial, the General Manager failed to take corrective action. In fact, the General Manager told Mercedes Garcia to have intercourse with the cooks to get better treatment. Soon after Mercedes Garcia would complain, the General Manager would reduce Garcia's work hours.

   b. Charging Party Sherri Sargent worked as a Food Server at a Nevada

location under the joint management and control of Defendant Centennial Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC. From 2004 to 2011, several of the cooks at Centennial subjected Sherri Sargent to regular and repeated sexual harassment, including but not limited to following her into a walk-in refrigerator, trapping her inside, and groping her genitalia against her will. Such conduct was unwelcome by Sherri Sargent. When Sherri Sargent complained to the General Manager at Centennial, the General Manager failed to take corrective action. Shortly after Sherri Sargent would complain, the General Manager would reduce Sargent's work hours or number of days worked.

      c.      Charging Party Aubrey Brown as a Cashier/Host at a Nevada location under the joint management and control of Defendant Nellis Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC. From March 2014 to April 2015, a co-worker subjected Aubrey Brown to regular and repeated harassment, including but not limited to unwelcome touching, name calling, and pointing to fruits and vegetables and asking Brown which one best described his genitalia. Such conduct was unwelcome by Aubrey Brown. When Aubrey Brown complained to the General Manager at Nellis, the General Manager failed to take corrective action.

      d.      Claimant 1 is a female who worked as a Food Server at a Nevada location under the joint management and control of Defendant Centennial Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC. Claimant 1 worked for Defendants from approximately July 2008 to April 2013. One of the cooks at Centennial subjected Claimant 1 to severe sexual harassment when he cornered Claimant 1 started grabbing and touching her against her will. The cook continued grabbing and touching Claimant 1, even though she physically struggled with him and told him to stop. Another male stepped in the middle of the cook and

-8-

Claimant 1 to get the cook to stop. Claimant 1 was so fearful she ran out to the parking lot and locked herself inside her car. She repeatedly tried to call the General Manager at Centennial while she was in her car, but the General Manager never answered the phone. After Charging Party Mercedes Garcia arrived at Centennial, Claimant 1 exited her vehicle. When Claimant 1 later complained to management at Centennial, no corrective action was taken.

    e.  Claimant 2 is a female who worked as a Food Server and Crew Chief at a Nevada location under the joint management and control of Defendant Centennial Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC.  Claimant 2 worked for Defendants from approximately April 2002 to October 2016.  Several of the cooks subjected Claimant 2 to regular and repeated sexual harassment, including but not limited to following her into the dry storage area, refrigerator, or freezer, shutting the door, and touching her sexually; asking when it was their turn to have intercourse with her, making graphic comments about her genitalia, and vulgar name calling. Such conduct was unwelcome. When Claimant 2 complained to the General Manager at Centennial, the General Manager failed to take corrective action.

    f.  Claimant 3 is a female who worked as a Food Server at a New York location under the joint management and control of Defendant Bayshore Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC.  Claimant 3 worked for Defendants from approximately October 2012 to September 2013. The General Manager at Bayshore subjected Claimant 3 to regular and repeated sexual harassment, including but not limited to comments regarding her physical appearance and genitalia, propositions to engage in intercourse, and sending her pictures of his genitalia. Such conduct was unwelcome. Claimant 3 repeatedly rejected the General Manager's advances and told him to stop, but he did not. As a result,

-9-

Claimant 3 was forced to resign because of the continued harassment.

    g. Claimant 4 is a female who worked as a Food Server at a New York location under the join management and control of Bayshore Food Corporation dba IHOP Restaurant and Defendant Lucinda Management, LLC. Claimant 4 worked for Defendants from approximately January 2011 to January 2015. The General Manager at Bayshore subjected Claimant 4 to regular and repeated sexual harassment, including but not limited to, lewd text messages, pretending to grab female employees' breasts, holding "twerking" contests in the store, and viewing pornography in the store. Such conduct was unwelcome. Claimant 4 repeatedly rejected the General Manager's advances and told him to stop, but he did not.

    h. Defendants' General Managers and other employees subjected other similarly aggrieved employees to sexual harassment, including but not limited to unwelcome sexual touching and kissing, vulgar comments regarding employees' physical appearance, lewd and vulgar jokes, watching pornography, and sending pictures with sexually suggestive messages. The General Manager at Defendant Cooper Street Clam & Oyster Bar repeatedly told a seventeen year old female employee that she was of legal age to have sex in New York State, and made lewd and vulgar jokes to employees, including one regarding the sexual assault of a child. Such conduct was unwelcome, and frequently resulted in the similarly aggrieved employees being forced to resign due to the harassment and/or retaliation.

Retaliation

  30. Defendants further engaged in unlawful employment practices in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it retaliated against the Charging Parties and similarly aggrieved employees for engaging in protected activity.  Defendants' retaliatory conduct included, but is not limited to reducing the Charging Parties and similarly aggrieved

employees work hours or numbers of days worked, groundless discipline, and termination. In addition to the examples of adverse actions taken in response to protected activity as described above, Respondents' employees at its New York businesses were similarly harmed by its discriminatory sexual harassment policy. At the DiHop location, where Dominick Conti's son Joseph was the General Manager, during the relevant time period, Claimant 5 witnessed a "handsy" cook regularly touch female food servers' genitals and kiss them. At one point Claimant 5 witnessed a female food server come out of the kitchen crying due to the cook's harassment. When Claimant 5 reported the harassment to management, Claimant 5 was terminated.

31. The effect of the practices complained of, as described above, has been to deprive the Charging Parties and similarly aggrieved employees of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

32. The effect of the practices complained of, as described above, has been to deprive the Charging Parties and similarly aggrieved employees of equal employment opportunities.

33. The unlawful employment complained of in Paragraphs 12-30 above were intentional and caused the Charging Parties and similarly aggrieved employees to suffer emotional distress.

34. The unlawful employment practices complained of in Paragraphs 12-30 above were done with malice or with reckless indifference to the federal protected rights of the Charging Parties and similarly aggrieved employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.       Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of §§ 703(a) and 704(a) of Title VII.

B.       Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII.

C.       Order Defendants to make whole the Charging Parties and similarly aggrieved employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.       Order Defendants to make whole the Charging Parties and similarly aggrieved employees by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by them that resulted from the unlawful employment practices described above in amounts to be determined at trial.

E.       Order Defendants to make whole the Charging Parties and similarly aggrieved employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

F.       Order Defendants to pay the Charging Parties and similarly aggrieved employees punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial.

G.    Award the Commission its costs of this action.

H.    Grant such further relief as the Court deems necessary and proper and in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 18, 2017        Respectfully Submitted,

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

-13-