Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> LUCINDA MANAGEMENT, LLC, CENTENNIAL FOOD CORPORATION dba IHOP RESTAURANT, NELLIS FOOD CORPORATION dba IHOP RESTAURANT, VEGAS FOOD CORPORATION dba IHOP RESTAURANT, CHEYENNE FOOD CORPORATION dba IHOP RESTAURANT, CRAIG FOOD CORPORATION dba IHOP RESTAURANT, BAYSHORE FOOD CORPORATION dba IHOP RESTAURANT, DiHOP CORPORATION dba IHOP RESTAURANT, COOPER STREET CLAM & OYSTER BAR, LLC, and Does 1-5 Inclusive, <br><br> Defendants. | Case No.: 2:17-cv-02458-MMD-GWF <br><br><br><br><br> **CONSENT DECREE; ORDER** |

-1-

1371711v.1

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants Lucinda Management, LLC, Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Vegas Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Food Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP Restaurant, DiHOP Corporation dba IHOP Restaurant, and Cooper Street Clam & Oyster Bar, LLC (hereinafter collectively referred to as "Defendants") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's Complaint against Defendants in *U.S. Equal Employment Opportunity Commission v. Lucinda Management, LLC, et al.*; Case No. 2:17-cv-02458-MMD-GWF (the "Action"). Collectively, the EEOC and Defendants are referred to herein as the "Parties." On September 21, 2017, Plaintiff filed this Action in the United States District Court, District of Nevada, alleging claims under Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"). The Action alleged that Defendants subjected Charging Parties Mercedes Garcia, Sherri Sargent, and Aubrey Brown and a class of similarly aggrieved individuals to a hostile work environment based on sex and retaliation.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants, as well as Defendants' officers, directors, agents, successors and assigns.

B.     The Parties have entered into this Decree for the following purposes:

     1.     To provide monetary and injunctive relief, including, where appropriate, reinstatement;

     2.     To ensure Defendants' employment practices comply with federal law, including Title VII;

     3.     To collaboratively seek a work environment at Defendants' locations that is free from unlawful discrimination, harassment, and retaliation;

     4.     To ensure training for Defendants' employees with respect to their obligations and rights

2

1371711v.1

under Title VII;

5.  To update Defendants' policies and procedures for reporting and handling discrimination, harassment, and retaliation complaints;

6.  To provide an appropriate and effective mechanism for reporting and handling complaints of discrimination, harassment, and retaliation; and

7.  To ensure appropriate record keeping, reporting, and monitoring.

C.  This Decree will be implemented at all of Defendants' locations.

### III.

### RELEASE OF CLAIMS

A.  This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in the Action.

B.  This Decree is a compromise and shall not be construed as an admission of liability by Defendants.

C.  This Decree is contingent upon the approval of the Court in this Action.

D.  This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges of discrimination that may arise against Defendants after the Effective Date of this Decree in accordance with standard EEOC procedures, nor does it impair any defenses Defendants may raise to such charges of discrimination and/or resulting litigation.

### IV.

### JURISDICTION

A.  The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable and monetary relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any party or person.

B.  The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

3

## V.

### EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for five (5) years after the Effective Date.

## VI.

### MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties and approved by the Court.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In the event that such agreement cannot be reached, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

## VII.

### COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties consent to the designation of the Honorable Carl W. Hoffman, United States Magistrate Judge, for all purposes to resolve any issues relating to the enforcement of this Decree upon the approval of this Decree.

B.      The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Consent Decree, the EEOC may file a motion with the Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants and/or its/their legal counsel of record, by telephone and in writing, of the nature of the dispute to resolve the issue. Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and Defendants shall have five (5) business days to attempt to resolve or cure any alleged monetary breach.

4

C.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the notice provided by the moving party.

D.      After thirty (30) days have passed with respect to any non-monetary breach, or five (5) business days have passed with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the moving party may petition this Court for resolution of the dispute, seeking any relief the court deems appropriate.

## VIII.

## **MONETARY RELIEF**

Defendants will pay a total of $700,000 ("Gross Sum") to resolve this Action. The EEOC has full and complete discretion under the terms of this Decree to determine who is a Claimant, to determine the amount of payment, if any, to the Charging Parties and/or Claimants (collectively "Identified Claimants"), and to determine the amount of monetary relief designated as back pay and/or compensatory damages for pain and suffering that do not include compensation for physical or mental injuries.  The EEOC, in its sole discretion, will issue a Distribution List to Defendants stating the back pay amount to be paid to an Identified Claimant and/or the separate amount to be designated as compensatory damages for pain and suffering.

A.      Monetary Relief for Charging Parties and Identified Claimants

1.      The EEOC shall provide to Defendants a Distribution List designating each Identified Claimant's portion and amount of monetary relief, if any, as well as the name and address to which each Identified Claimant's portion and amount of monetary relief shall be delivered.

2.      Within ten (10) business days of receiving the EEOC's Distribution List, Defendants shall send a check for back pay and/or a check for compensatory damages for pain and suffering, via first class, certified mail, in the amounts designated in the EEOC's Distribution List, to the Identified Claimants.  For each check constituting back pay, Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes.  Only the employee's portion of all deductions that the employee is required by law to pay shall be withheld according to the information provided by the employee in their last IRS Form W-4 submitted to Defendant(s).  Each check will remain valid for 180 days.  The EEOC has provided Defendants a W-9 for each Identified

1371711v.1

Claimant and Defendants shall comply with the requirements of the W-9 for each respective Identified Claimant.   For each check constituting compensatory damages for pain and suffering, Defendants shall issue a Form 1099 to the Identified Claimant.

3. Within fourteen (14) calendar days of mailing the aforementioned payments, Defendants shall submit a copy of the checks and any related correspondence as well as a report regarding the mailing of the checks to the EEOC.  The report shall show the amount of the check(s), the amount of deductions Defendants believe the employee is required by law to pay, the date the check(s) were mailed, the person to whom check(s) were mailed, and the address to which checks were mailed.

4. If Defendants becomes aware that any of the checks issued in this Action are returned or otherwise not cashed, Defendants shall notify the EEOC within five (5) business days of gaining such knowledge, and the EEOC shall have responsibility for obtaining information necessary to deliver reissued checks, which Defendants shall re-mail within five (5) business days of obtaining updated information from the EEOC.

5. Defendants shall prepare and distribute IRS W-2 and 1099 reporting forms, as may be appropriate for the manner in which the EEOC has characterized each payment, to each Identified Claimant based on last known addresses or addresses provided by the EEOC and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Defendants shall be solely responsible for any costs associated with the issuing and distributing W2s and 1099s to the Identified Claimants.  Pursuant to federal law, Defendants shall report all payments made under this Section through an IRS Form W-2 and/or IRS Form 1099 to be issued by January 31st for payments made in the previous calendar year.

6. Within five (5) business days of the issuance of any IRS W-2 or 1099 form, Defendants shall provide a copy of the related correspondence to the EEOC.

## IX.

## GENERAL INJUNCTIVE RELIEF

A. Non-Discrimination

Defendants, their officers, agents, employees (including all managerial and non-managerial employees), successors and assigns, and all those acting in concert or participation with them, or on

behalf of any of them, are hereby enjoined from violating the requirements of Title VII's prohibitions on discrimination, harassment and retaliation. Such prohibited conduct includes:

1. Sex discrimination and/or sexual harassment;

2. Engaging in or becoming a participant in any action, policy or practice that discriminates against any person in violation of Title VII on the basis of sex; and/or

3. Creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex.

B. <u>Non-Retaliation</u>

Defendants, their officers, agents, employees (including all managerial and non-managerial employees), its successors, assigns, and all those acting in concert or participation with them, or on behalf of any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Defendants or their successors, or either of them, because he or she has in the past, or during the term of this Decree:

1. Opposed any practice that he or she believed to be discriminatory or harassing based on sex, or related retaliation;

2. Filed a charge with the EEOC alleging such a practice;

3. Testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendants), or proceeding in connection with this case and/or relating to any claim of a Title VII violation based on sex and/or retaliation;

4. Was identified as a possible witness or claimant in this Action;

5. Asserted any rights under this Decree; or

6. Sought and/or received any relief in accordance with this Decree.

C. <u>72 Hour Sexual Harassment Policy</u>

Defendants, their successors and assigns, and all those acting in concert or participation with them, or on behalf any of them, are enjoined and hereby shall cease immediately the implementation of any policy, procedure, or practice that requires employees to submit complaints of sexual harassment in writing, or else waive all rights to recovery under Title VII, including but not limited to the 72-Hour

1371711v.1

Policy.[1]  Within thirty (30) days of the Effective Date, Defendants shall remove the 72-Hour Policy from all policies, procedures, and instructions to all employees at all levels.

**X.**

**SPECIFIC INJUNCTIVE RELIEF**

A.     Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendants shall retain an Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the area of discrimination, sexual harassment, and retaliation, to monitor Defendants' compliance with Title VII and the provisions of this Decree.  The Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld. If the Monitor initially appointed by Defendants thereafter declines or is unable to serve or to carry out their assigned duties under the Decree, Defendants shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Monitor and shall provide the EEOC with the name of the replacement.  Any replacement Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld.  Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include:

1.     Ensuring that Defendants' policies, procedures, and practices relating to harassment, discrimination, and retaliation are implemented and enforced by Defendants in a manner that to ensure that they fully comply complies with Title VII and all the requirements set forth in this Decree;

2.     Ensuring that Defendants comply with the requirements under Sections X.E and X.F to fully implement its revised policies and procedures relating to discrimination, harassment, and retaliation.

3.     Ensuring that all employees, including non-Managerial Employees, Managerial

---

[1] "72-Hour Policy," as used herein, means a sexual harassment policy used by Defendants at all their locations that required employees who were sexually harassed by another employee to report the incident in writing within 72 hours to Defendants' New York office, or else waive all rights to recovery against Defendants.

Employees,[2] Human Resources professionals, and Designated Employees,[3] are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment and retaliation;

4.  Ensuring that Defendants' 72-Hour Policy is removed from all policies, procedures, and instructions to all employees at all levels;

5.  Ensuring that all employees, including non-Managerial Employees, Managerial Employees, Human Resources professionals, and Designated Employees, are trained on Defendants' revised policies and procedures relating to discrimination, harassment and retaliation;

6.  Ensuring that all Managerial Employees, Designated Employees, and Human Resources professionals have the skill level to implement the requirements of Title VII and of this Decree, including but not limited to overseeing the establishment of the Human Resources Department and ensuring proper staffing levels;

7.  Conducting, monitoring, and providing feedback to Defendants regarding any investigation of any complaint of discrimination, harassment or retaliation to ensure compliance with Title VII and this Decree;

8.  Ensuring that Defendants properly communicate with complainants as required by this Decree;

9.  Working with Defendants to establish a record-keeping procedure that provides a centralized system of tracking discrimination, harassment and retaliation complaints as required by Section X.F of this Decree;

10.  Ensuring that Defendants fully comply with the requirements under Section X.H for a toll-free Hotline, including monitoring Defendants' maintenance of tracking records and/or call logs made to the Hotline;

11.  Ensuring that Defendants fully comply with the requirements under Section X.I for

---

[2] "Managerial Employees," as used herein, mean Defendants' employees who have been identified by Defendants as managers, supervisors, and/or lead employees.

[3] "Designated Employee," as used herein, means those employees designated by Defendants to investigate complaints involving allegations of equal employment opportunity violations, including any complaints under the Decree, Defendants' policies, Title VII, and/or any other applicable federal or state equal employment opportunity or non-discrimination law.

1371711v.1

dissemination of the EEOC's toll-free telephone number, including preparation and retention of records of all calls made to the Hotline by the outside vendor contracted by Defendants for the Hotline.

12.    Ensuring that Defendants' revised policies, procedures, and practices related to the prevention and correction of discrimination, harassment, and retaliation are applied to all employees, including review and feedback regarding implementation by non-Managerial Employees, Managerial Employees, Human Resources professionals, and Designated Employees and review of all actions taken by Defendants in response to complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

13.    Conduct a review of prior complaints of sexual harassment and/or retaliation made in the previous 300 days to provide guidance to Defendants on the handling of these prior complaints and determine whether there are any potential improvements in Defendants' response to these complaints;

14.    Conducting audits, as set forth below in Section X.D, to ensure that Defendants' revised policies, procedures, and practices related to the prevention and correction of discrimination, harassment, and retaliation are applied to all employees, including review and feedback regarding implementation by non-Managerial Employees, Managerial Employees, Human Resources professionals, and Designated Employees and review of all actions taken by Defendants in response to complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

15.    Preparing a semi-annual report on Defendants' compliance with Title VII and this Decree's requirements;

16.    Ensuring that Defendants fully comply with the requirements under Section X.M for posting notice of the Decree;

17.    Accurately compile and timely submit all reports required under Section X.N of this Decree;

18.    Monitoring the Charging Parties, Identified Claimants and witnesses who participated in this lawsuit and who continue to be employed by Defendants to ensure that they have not been subjected to any unlawful retaliation or harassment.  The Monitor shall contact these individuals at least every three (3) months;

1371711v.1

19.     Ensuring that Managerial Employees, Human Resources professionals, and Designated Employees have an open-door policy, and are easily accessible to the employees as provided by Defendants' revised policies and procedures regarding discrimination, harassment, and retaliation;

20.     Measuring the timeliness of investigations and the effectiveness of investigations pertaining to complaints of sexual harassment and related retaliation to ensure compliance with Title VII and the Decree;

21.     Working with the Human Resources Department to receive and promptly investigate complaints of discrimination, harassment, and retaliation from non-Managerial and Managerial Employees as set forth in Section X.F;

22.     Assessing employee understanding of the equal employment opportunity training(s) as required under Section X.J and providing Defendants feedback on how to improve the effectiveness of such training(s);

23.     Auditing the working conditions of employee reinstated pursuant to Section X.C to prevent and correct discrimination; harassment, and retaliation; and

24.     Taking any other steps necessary to facilitate Defendants' full compliance with the terms of the Decree.

B.     Establishment of a Human Resources Department.

Within sixty (60) days of the Effective Date, for at least the duration of the Decree, Defendants shall establish and maintain a Human Resources Department with enough staffing to carry out the terms of this Decree.  The Human Resources staff shall be comprised of human resources professionals with demonstrated experience in the area of employment law, properly handing complaints of discrimination, harassment, and retaliation, and preventing and correcting such conduct.

The Human Resources Director may retain the services of one or more independent contractor companies with demonstrated experience in the area of employment law to fulfill the responsibilities of the newly established Human Resources Department.  The Human Resources Director shall satisfy the requirement of having necessary human resources personnel in consultation with the EEO Monitor who is designated pursuant to Section X.A.  The EEO Monitor shall assess the qualifications and ongoing performance of the independent contractor(s) selected to perform the duties of the Human Resources

1371711v.1

Department and provide the assessments to the Human Resources Director as part of the selection process and retention of the independent contractor(s) for the Human Resources Department. Prior to the retention of the human resources professionals, Defendants shall report the proposed human resources professionals' name, qualifications, and the EEO Monitor's assessment to the EEOC, which shall not be unreasonably withheld.

In the event the EEOC objects to Defendants' proposed human resources professionals, the EEOC shall work with Defendants to find an alternative, including submitting a list of three alternate choices. If Defendants and the EEOC cannot agree on the human resources professionals, the parties will submit this matter to the Court pursuant to Section VII.

The Human Resources Department shall be easily accessible to Defendants' employees in person, telephonically, or by email during normal business hours. The Human Resources professionals' duties shall include:

1. Ensuring that Defendants' 72-Hour Policy is removed from all policies, procedures, and instructions to all employees at all levels as set forth in Section IX.C;

2. Working with the Monitor[4] to ensure that Defendants' revised policies, procedures, and practices regarding unlawful discrimination, harassment and retaliation are fully implemented and that appropriate actions are taken to prevent and correct discrimination, harassment, or retaliation and to provide timely and proper responses to complaints of discrimination, harassment, or retaliation, or other conduct prohibited under Title VII or this Decree;

3. Work with the Monitor to ensure that Defendants establish a record-keeping procedure that provides a centralized system of tracking discrimination, harassment and retaliation complaints as required by Section X.F of this Decree

4. Implementing and disseminating Defendants' revised policies, procedures, and practices regarding unlawful discrimination, harassment, and retaliation, as set forth in Sections X.E and X.F;

5. Enforcing all of Defendants' revised policies, procedures, and practices to foster a workplace free of unlawful discrimination, harassment, and retaliation. This includes taking measures to

---

[4] "Monitor" as used herein, means an equal employment opportunity monitor retained to monitor Defendants' compliance with Title VII and the provisions of this Decree, Section X.A.

12

ensure that no retaliation is taken against persons engaging in protected activity;

6. Ensuring proper systems are in place to make certain that proper avenues exist for employees to complain about discrimination, harassment, or retaliation as provided by the revised policies and procedures;

7. Receiving and promptly investigating complaints of discrimination, harassment, and retaliation from non-Managerial and Managerial Employees as set forth in Section X.F;

8. Maintaining regular contact with employees who complain of discrimination, harassment, and retaliation as required in Section X.F.6;

9. Ensuring appropriate corrective and protective measures are implemented in a timely manner after conducting a thorough investigation;

10. Ensuring the dissemination of Defendants' Toll-Free Hotline at all Defendants' locations as described in Section X.H;

11. Reviewing messages left on Defendants' Toll-Free Hotline on a daily basis and timely responding to such messages accordingly;

12. Ensuring that the Posting Notice referenced in Section X.M is posted at all Defendants' locations;

13. Working with the Monitor to ensure that all reports required by this Decree are accurately compiled and timely submitted;

14. Maintaining the records required pursuant to Section X.L of this Decree; and

15. Overseeing the development and implementation of all training and education programs to be provided under the Decree.

C. Monitor's Oversight of Defendants' Reemployment of Eligible Claimants

1. During the Decree's term, an Eligible Claimant no longer employed by one of the Defendants may express an interest in returning to work for Defendants.

2. Only an Eligible Claimant will be considered for reemployment pursuant to the Decree.

3. With ten (10) business days of receipt of an Eligible Employee's Questionnaire from the EEOC, the Monitor shall make an initial determination based on the information provided in the Questionnaire whether the Eligible Claimant has expressed an interest in reemployment.

13

4.     The Monitor shall contact an Eligible Claimant who has expressed an interest in reemployment to obtain the following information:

      a.     Whether they continue to be interested in reemployment;

      b.     Identification of which of Defendants' locations the Eligible Claimant is interested in reemployment;

      c.     Identification of the position(s) in which the Eligible Claimant is interested;

      d.     The date the Eligible Claimant is available to work; and

      e.     Request that the Eligible Claimant complete an application for employment to be used to determine their qualifications and experience since their separation from Defendant(s).

5.     Within ten (10) business days of obtaining all of items described in Paragraph 4 above, the Monitor shall provide the information and supporting materials to Plaintiff and Defendants through a Reemployment Request Report.

6.     Consistent with the requirements of the Revised Policy and the Decree, Defendants shall review the Reemployment Request Report and follow its non-discriminatory hiring procedures for:

      a.     Determining whether an Eligible Claimant is qualified for the position(s) in which they have expressed an interest based upon the information provided by the Eligible Claimant in their application or through follow-up with the Eligible Claimant;

      b.     Determining whether there are opening(s) for the position(s) at the location(s) in which the Eligible Claimant has expressed an interest;

      c.     Determining whether the Eligible Claimant has expressed their availability for any shifts that may be available for the position(s) at the location(s) in which the Eligible Claimant has expressed an interest;

      d.     Extending an offer of employment if the Eligible Claimant is qualified for an open position and is available to work the scheduled shift(s) associated with that open position;

      e.     Processing a newly hired employee, pursuant to Defendants' policies and procedures; and

      f.     Training a newly hired employee if all of the foregoing requirements are met and the Eligible Claimant has accepted the offer of employment.

1371711v.1

7. ***Eligible Claimants Defendants determine are qualified.*** Disposition of the Eligible Claimant's request for reinstatement shall depend on whether Defendants have open position(s) at the location(s) for which the Eligible Claimant has expressed an interest.

      a.     If Defendants have one or more open position(s) for which the Eligible Claimant is qualified, Defendants will offer the Eligible Claimant a position the Eligible Claimant is qualified to fill.

      b.     If Defendants do not have position(s) for which the Eligible Claimant is qualified that are immediately available, or the Eligible Claimant does not accept the available shift(s) for any immediately available positions, Defendants will offer the Eligible Claimant a position the Eligible Claimant is qualified to fill if the position or desired shift becomes open within sixty (60) days of Defendants' initial determination that the Eligible Claimant is qualified to fill that position.

8. ***Eligible Claimants Defendants determine are not qualified.***

      a.     If Defendants determine that an Eligible Claimant is not qualified for the position(s) for which the Eligible Claimant has expressed an interest, Defendants shall communicate that determination to the Plaintiff along with a copy of the Eligible Claimant's application and the reason(s) they are not qualified for the position(s).

      b.     If Plaintiff disagrees with Defendants' determination that an Eligible Claimant is not qualified, Plaintiff shall provide Defendants with information or documentation to support Plaintiff's belief that the Eligible Claimant is qualified for the position(s) in which they are interested.

      c.     If the Parties are unable to agree on whether an Eligible Claimant is qualified for the position(s) in which they are interested after meeting and conferring in good faith to resolve their differences as provided by Section VII of the Decree, the Parties may petition the Supervising Judicial Officer to make a final and binding determination, as provided by Section VII of the Decree.

9. ***Revocation of conditional offers of reemployment.***

      a.     Defendants may revoke a conditional offer of reemployment of an Eligible Claimant as long as the basis for revocation is consistent with the requirements of the Revised Policy and the Decree.

      b.     If Defendants revoke an offer of reemployment, Defendants shall provide Plaintiff with a written statement of the reason(s) for the revocation.

15

c.     If Plaintiff disagrees with Defendants' revocation, Plaintiff shall provide Defendants with information or documentation to support Plaintiff's belief that the revocation is improper.

d.     If the Parties are unable to agree on whether the revocation is proper after meeting and conferring in good faith to resolve their differences as provided by Section VII of the Decree, the Parties may petition the Supervising Judicial Officer to make a final and binding determination.

10.     If an Eligible Claimant rejects Defendants' reemployment offer or does not report to work in accordance to the terms of Defendants' reemployment offer, the Eligible Claimant's rights to reemployment under the Decree are terminated.

11.     The Monitor shall prepare annual reports regarding auditing as to all reemployed Claimants pursuant to Section X.A.23.

D.     EEO Compliance Audits

1.     Compliance Questionnaire

Within thirty (30) days of his or her appointment, the Monitor shall mail out a Compliance Questionnaire[5] to all of Defendants' employees or make the questionnaire available electronically via the internet.  The Compliance Questionnaire shall request the following employee information to be used to evaluate compliance with the Policy,[6] Title VII, and the Decree:

a.     Name;

b.     Mailing address;

c.     Telephone number;

d.     Email address;

e.     Identification of the Defendants' location(s) at which they work;

f.     Gender;

g.     Whether they were provided with a copy of Defendants' revised policies;

h.     Whether, while they have worked for Defendants, they have complained,

---

[5] "Compliance Questionnaire" means the set of questions sent by the Monitor to assess compliance with Defendants' revised policies regarding discrimination, harassment, and retaliation, the terms of the Decree, and Title VII.

[6] "Policy" means Defendants' revised policy pertaining to equal employment opportunity, zero tolerance for workplace harassment, sexual harassment, no retaliation, reporting suspected violations, complaint process, the process for investigating suspected violations, open door policy making managers for accessible for reporting suspected violations, and an acknowledgement of receipt of the policy.

1371711v.1

expressed concern, or provided feedback about discrimination, sexual harassment or retaliation, and if so, the date(s), location(s), content of their complaint, and name(s) of the non-Managerial Employees, Managerial Employees, Human Resources professionals, or Designated Employees with whom they met;

i.     Whether, while they have worked for Defendants, they have personally experienced or observed conduct they believe violates Defendants revised policies regarding unlawful discrimination, harassment, and retaliation or Title VII, including inappropriate comment(s) or touching in a way that made them feel uncomfortable or which appeared to make a coworker uncomfortable;

j.     Whether they reported the suspected violations of the Defendants' revised policies regarding discrimination, harassment, and retaliation, and if so, the person(s) to whom they made the report and the date(s) of the report(s);

k.     If they did not complain about suspected discrimination, sexual harassment or retaliation, an explanation why they did not do so;

l.     A description of any action(s) taken by Defendants in response to their report(s), including any action(s) to correct the suspected inappropriate conduct and/or any retaliatory actions taken against them; and

m.     A request for any other information or feedback the employee has regarding their experience working for Defendants.

2.     Frequency of Compliance Audits.

a.     Within one hundred twenty (120) days of the Effective Date, the Monitor shall conduct an Initial Compliance Audit.

b.     Within one year after the Initial Compliance Audit, the Monitor shall conduct annual unannounced audits at Defendants' locations to evaluate whether the Monitor believes that Human Resources professionals and Managerial Employees have been held accountable for their duties under Defendants' policies, Title VII, and this Decree, and have encouraged employees to report problems of harassment, discrimination, or related retaliation.

c.     Defendants shall grant the Monitor access to all information needed to perform the Compliance Audits, including documentation of complaints and access to employees to conduct

17

interviews as set forth in Section X.D.3(c) below. The Monitor shall report to the EEOC on the progress of the audits and the Monitor's conclusions about the extent of Defendants' compliance with Defendants' policies, Title VII, and the terms of this Decree.

       3.   <u>Scope of Compliance Audits</u>.

       The EEO Compliance Audit shall include the following components:

       a.    In the Initial Compliance Audit, the Monitor shall review documentation of all complaints of sexual harassment and related retaliation over the period of 300 days prior to the Effective Date. The Monitor shall also review the Compliance Questionnaire responses and prepare a report that includes the following information:

       i.    The name(s) and job title(s) of any complainants;

       ii.    The name(s) and job title(s) of any person(s) alleged to have engaged in unlawful discrimination, harassment, or retaliation;

       iii.    A summary of the allegations;

       iv.    The date(s) and location(s) of the allegations;

       v.    The contact information for each witness to the allegations;

       vi.    A summary of any investigation of the allegations, including the name, job title, and location of the person(s) conducting the investigation; and

       vii.    A summary of how the complaint was resolved.

       b.    In the annual unannounced Compliance Audits, the Monitor shall review Defendants documentation of all complaints of discrimination, harassment, and retaliation over the period since the preceding Compliance Audit to include all of the information listed in Section X.D.3(a);

       c.    In the annual unannounced Compliance Audits, the Monitor shall also speak with employees and evaluate compliance with anti-harassment and retaliation policies and procedures. Annual unannounced Audits shall be performed in areas where after monitoring the complaints, there appear to be issues that require a fuller examination of the complaints. To seek employee input, the annual audits will be conducted in private outside the presence of Managerial Employees, Human Resources professionals, Designated Employees, and non-Managerial Employees, and without their advanced knowledge of the audit. The annual unannounced audits shall not interfere with the business

18

operations at the locations where they are conducted. The Monitor shall document the locations visited, the dates of those visits, what he or she observed, who he or she interviewed, a summary of the interview(s), and what action(s) were taken because of the visits;

        d.      Investigation of complaints of sexual harassment and related retaliation identified in the responses to the Compliance Questionnaire and from interviews of employees;

        e.      Preparation of written findings of the Monitor's investigation of any complaints of sexual harassment identified in the responses to the Compliance Questionnaire and employee interviews;

        f.      Identification of any of Defendants' employees who appear to be repeat offenders under Defendants' revised policies regarding harassment or Title VII, or who are not taking sufficient steps to comply with Defendants' revised policies or Title VII;

        g.      Identification of any of Defendants' locations that appear to have compliance issues with Defendants' revised policies regarding unlawful discrimination, harassment, and retaliation, Title VII, or the Decree; and

        h.      Follow up with Defendants on what remedial actions, if any, were taken in response to any written findings made pursuant to Section X.D.3(d).

        4.      <u>Written Report of Compliance Audit</u>.

        The Monitor shall prepare a written report summarizing all findings and information contained in the annual Compliance Audit, including all components identified in Section X.D.3 that are applicable to the Compliance Audit that has been conducted. The Monitor shall provide copies of all written reports to the EEOC as set forth in Section X.N, and to Defendants.  Defendants will take prompt and effective remedial action to address issues identified by the Monitor consistent with the requirements of Defendants' revised policies regarding unlawful discrimination, harassment, and retaliation, the Decree, and Title VII.

E.      <u>Policies and Procedures</u>

        Defendants shall, with the assistance of the Monitor and Human Resources professionals, ensure that the 72-Hour Policy is removed from all policies, procedures, and instructions to all employees. Defendants, with the assistance of the Monitor, shall also review, distribute, implement, and provide

19

training pertaining to its Policy regarding unlawful discrimination, harassment, and retaliation for Defendants' entire organization. The Policy includes:

1. A clear explanation of prohibited conduct in violation of Title VII, including examples of prohibited conduct, unlawful discrimination, harassment, and/or a hostile work environment on the basis of sex and examples of prohibited retaliation;

2. A complete copy of the final internal complaint procedure described below in Section X.E;

3. Reiterate Defendants' commitment to compliance with all equal employment opportunity laws;

4. Assurance that Defendants shall hold all employees, including Managerial employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

5. Reinforce the responsibility of Managerial employees, Designated Employees, and Human Resources professionals to take prompt corrective action against unlawful discrimination, harassment, and retaliation;

6. Evaluate the extent to which Defendants hold Managerial employees, Designated Employees, non-Managerial employees, and Human Resources employees accountable for failing to take appropriate action to address unlawful discrimination, harassment, or retaliation;

7. State that Defendants have a zero-tolerance policy with respect to unlawful discrimination, harassment, and retaliation; and

8. To the extent that any changes in law require a modification of Defendants' Policies and Procedures, Defendants with the assistance of the Monitor shall ensure that the changes are incompliance with Title VII and this Decree. Such proposed changes shall be submitted to the EEOC for review and comment no later than thirty (30) days prior to the implementation of the changes in Defendants' Policies and Procedures.

F. Complaint Procedure

1. Defendants have provided the EEOC with their revised internal complaint procedure.

2. The internal complaint procedure shall clearly state that:

a. an employee who believes that he or she has suffered unlawful discrimination,

20

harassment or retaliation may file an internal complaint using Defendants' internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

       b.    employees may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

       c.    Defendants shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

       d.    the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law. The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies in Nevada, New York and/or any other state where Defendants' restaurants or places of business are located; and

       e.    if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

    3.    The internal complaint procedure shall lay out Defendants' responsibilities, including that Defendants will:

       a.    maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

       b.    take every reasonable step to promptly resolve complaints;

       c.    promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

       d.    interview all relevant witnesses, including the complainant, and review all relevant documents;

       e.    provide an opportunity for the complainant to comment on tentative findings, except in those circumstances in which it is necessary to take immediate action;

       f.    communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken, consistent with the privacy interests of other employees; and

1371711v.1

g.      track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

4.      The internal complaint procedure shall also provide an appeal procedure to an appropriate representative of Defendants, should the complainant be dissatisfied with the results of an internal investigation.  During the term of the Decree, the Monitor shall be Defendants' representative for responding to appeals on behalf of Defendants' Chief Executive Officer;

5.      The internal complaint procedure shall NOT require that the complainant:

a.      confront his or her harasser;

b.      file an internal complaint instead of an external complaint;

c.      file the internal complaint within a certain time frame or else waive all rights to recovery under Title VII; or

d.      initiate the complaint process only by submitting a written complaint.

6.      For each complainant, Defendants shall confidentially follow-up every three months, six months, and twelve months after final resolution of the complainant's complaint to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against, and, if necessary, Defendants shall investigate any allegations of retaliation.

7.      Defendants' Human Resources professionals, Managerial Employees, and any other Designated Employee, shall have an open-door policy, and shall be easily accessible to the employees. Defendants' Human Resources, Management, or other Designated Employees shall be available to receive complaints from the employees during normal business hours with or without appointments.

8.      The Monitor shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Monitor shall also ensure that Defendants publicize the revised internal complaint procedures, including the Hotline as provided in Section X.H below, and shall monitor Defendants' investigation and resolution of any complaints made.

G.      Finalizing and Distribution of Final Policy and Complaint Procedure

1.      Within sixty (60) days after the Effective Date, Defendants shall provide the Commission with a copy of the above described Policy, including the revised internal complaint procedure described

22

above in Section X.F.

2.     If the EEOC does not provide comment within sixty (60) days of the Effective Date, Defendants shall distribute the Policy, including the revised internal complaint procedure described above in Section X.F, to all employees, including management, supervisory, lead, human resources, and any other Designated employees.  Defendants shall have each employee who receives a copy of the Policy sign a form acknowledging receipt.

3.     Throughout the term of this Decree, Defendants shall post the Policy, including the revised internal complaint procedures described above in Section X.F, in a clearly visible location frequented by employees at each of Defendants' locations.

H.     Establishment and Dissemination of Toll-Free Hotline.

1.     Within thirty (30) days of the Effective Date, Defendants shall establish a toll-free Hotline that is available for calls from Defendants' employees 24 hours a day, seven days a week. Defendants may use a third party vendor for the Hotline.

2.     Defendants shall bear all costs associated with establishing and monitoring the Hotline and/or the costs of using a third party vendor for the Hotline.

3.     Defendants shall track all calls made to the Hotline during the term of the Decree. The Monitor shall have access to all tracking records and/or call logs.

4.     Defendants shall disseminate information about the Hotline to all of their employees during the term of the Decree, with such dissemination to come in three forms: (a) posting it in the employee break room or other area of each of Defendants' locations used for posting notices that is frequented by employees; (b) including it in the Policy described in Section X.E; and (c) through Defendants' training.

I.     Dissemination of EEOC's Toll-Free Telephone Number.

Beginning thirty (30) days after the Effective Date, Defendants shall disseminate information about the EEOC's general toll-free number of (800) 669-4000 to all of their employees, with such dissemination to come in two forms: (1) posting it in the employee break room or other area of each of Defendants' locations used for posting notices that is frequented by employees; (2) including it in the Policy described in Section X.E; and (3) through Defendants' training.

J.     Training

1371711v.1

Within ninety (90)days after the Effective Date, Defendants shall submit to EEOC a description of the trainings set forth in Sections X.J.1 through X.J.4 below and an outline of the curriculum developed for the trainees. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any proposed revisions to the training.

The first training session for each of the trainings described in Sections X.J.1 through X.J.4 shall occur within ninety (90) days after EEOC's comments on the training curriculum, as described above, or within ninety (90) days from the Effective Date, whichever is later. Any employee who fails to attend any scheduled training below shall be trained within thirty (30) days of the live training or thirty (30) days of their start date if they begin their employment after the training has occurred.

Defendants shall give the EEOC a minimum of ten (10) business days advance written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC.

1. <u>Non-Managerial Employees</u>

Defendants shall provide live and interactive training to be conducted or supervised by the Monitor and lasting at least two (2) hours in duration, to Defendants' non-Managerial employees. The training shall be in a language the employees understand and shall cover the Policy and Title VII. The training set shall be mandatory and shall occur once every twelve (12) months for the term of this Decree for non-Managerial employees. The training shall further address the following:

      a.    Defendants' commitment to compliance with all equal employment opportunity laws;

      b.    Employees' rights and responsibilities under Title VII and this decree;

      c.    Defendants' policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation and publicizing the hotline and EEOC toll-free numbers for submitting complaints;

      d.    Defendants' Policy;

      e.    Protections under Title VII;

      f.    The type of conduct considered unlawful discrimination, harassment, and retaliation under Title VII, including examples of prohibited conduct; and

1371711v.1

g.      Defendants have zero tolerance for unlawful discrimination, harassment, and retaliation.

2.      <u>Managerial Employees.</u>

Defendants shall provide live, interactive Management Training to be conducted or supervised by the Monitor of at least three (3) hours duration once every six months for the term of this Decree to its Managerial Employees.  The Management Training shall comport with the standards set forth in the EEOC's "Select Task Force on the Study of Harassment in the Workplace," under the section entitled "Compliance Training for Middle-Management and First-Line Supervisors" and include the following topics:

a.      All topics required for Non-Managerial Training described in Section X.J.1;

b.      How to properly handle and investigate complaints of discrimination, harassment and retaliation fairly and impartially;

c.      How to take preventive and corrective measures against unlawful discrimination, harassment, and retaliation;

d.      How to recognize and stop unlawful discrimination, harassment, and retaliation; and

e.      Reporting complaints of unlawful discrimination, harassment, and retaliation to Human Resources and other Designated Employees.

All persons required to attend such training shall verify their attendance in writing. Any Managerial employee unable to attend any scheduled Management Training shall be trained within thirty (30) days of the live training set forth above.

Within thirty (30) days of the hire and/or promotion date of any Managerial Employee hired and/or promoted after the annual training but within the term of the Decree, Defendants shall provide a live Management Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

3.      <u>Human Resources Professionals and other Designated Employees</u>

Defendants shall provide a live, interactive, advanced training ("Advanced Training") of at least three (3) hours duration to be conducted or supervised by the Monitor, every six months for the term of

25

this Decree, to Human Resources professionals and other Designated Employees. The training shall cover the topics covered in Section X.J.2 as well as the following:

a. how to properly investigate complaints of discrimination, harassment, and retaliation;

b. how to take preventative and corrective measures against unlawful discrimination, harassment, and retaliation;

c. how to recognize and stop unlawful harassment, discrimination, and retaliation; and

d. obligations of Human Resources and other Designated Employees under this Decree.

All persons required to attend such training shall verify their attendance in writing. Any Designated Employee unable to attend any scheduled Advanced Training shall be trained within thirty (30) days of the live training set forth above.

Within thirty (30) days of the hire and/or promotion date of any Designated Employee hired and/or promoted after the semi-annual training but within the term of the Decree, Defendants shall provide a live Advanced Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

4. Civility Training

In addition to the above trainings in Section X.J.1-3, Defendants shall provide live workplace Civility Training to be conducted or supervised by the Monitor to all of Defendant's employees, including Managerial, Human Resources, and other Designated employees of at least one (1) hour.  The workplace Civility Training shall incorporate ways to prevent harassment, including sexual harassment, stop bullying, bystander intervention, and have respect for diversity in the workplace.  The Civility Training must occur every twelve (12) months during the term of this Decree, and may be provided at the same time as the non-Managerial employee training described in Section X.J.1.

Defendants shall begin the training by showing a short video from one of Defendants' senior managers who explains that harassment prevention, civility, and maintaining a respectful workplace are a high priority for Defendants, and that the training is a serious part of the harassment prevention policy.

Within thirty (30) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-Managerial, Managerial Human Resources and other Designated Employees, shall receive the Civility Training described above. If they are not able to attend the live training, then recorded training of the live training will satisfy this requirement. Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

5.     Video Recording of Training

Defendants shall record a video of at least one session of each training type to have available for viewing by employees who were unable to attend the live and interactive training.

K.     Performance Evaluations

1.     For the upcoming review cycle, Defendants shall revise its performance evaluation forms for Managerial, Human Resources, and other Designated Employees to include a performance measure for compliance with Defendants' Policy. If a Managerial, Human Resources and other Designated Employee receives notice of behavior that violates Defendants' Policy, and takes no action to end it or report it, that failure will be considered in the evaluation.

2.     At least thirty (30) days prior to implementing the performance evaluation forms described above, Defendants shall provide the EEOC with the proposed revisions to provide an opportunity for comment regarding the revisions.  .

L.     Record Keeping

Defendants shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints.  The records to be maintained shall include:

1.     All documents generated in connection with any complaint, including documents relating to all investigations, the identities of all witnesses and summaries of their statements, findings, and the disciplinary or remedial action, if any, resulting from the investigation;

2.     All signed and dated forms acknowledging employees' receipt of Defendants' revised Policy;

3.     All documents verifying the occurrence of all training sessions and signed attendance sheets containing the names and positions of all attendees for each session as required under this Decree;

27

4. All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendants determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory under Title VII;

5. All documents generated in connection with confidential follow-up inquiries under the Decree by the Monitor and/or Defendants into whether any complainant believes he or she has been retaliated against;

6. All documents evidencing performance reviews or appraisals of Managerial, Human Resources, or any other Designated Employees;

7. All documents generated in connection with the EEO Compliance Audits performed pursuant to Section X.D. of this Decree; and

8. Any other non-privileged records pertaining to any provision of this Decree.

Defendants will make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

M. Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendants shall post notice (attached as "Exhibit A") of the terms of this Decree in the employee break room or other area of each of Defendants' locations that is used for posting notices and that is frequented by its employees. The notices shall remain posted for the duration of this Decree.

N. Reporting

1. Initial Report

Within one hundred twenty (120) days after the Effective Date, Defendants shall submit to EEOC an initial report containing:

a. A copy of Defendants' Policy, including the final complaint procedures;

b. A summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

c. A copy of all prior sexual harassment and retaliation complaints made in the previous 300 days, investigated or resolved, including:

 i.     the names of the complainants;

 ii.     the nature of the complaint;

 iii.     the names of the alleged perpetrators of discrimination, harassment or

retaliation;

 iv.     the dates of the alleged harassment or retaliation;

 v.     a brief summary of how each complaint was resolved; and

 vi.     the identity of each of Defendants employee(s) who investigated or

resolved each complaint and the identity and most recent contact information for each witness identified

by the complainant and/or investigation.

2.     Annual Reports

Defendants shall also provide the following reports to the EEOC annually throughout the

term of this Decree:

a.     A statement confirming that Defendants' removed their 72-Hour Policy from all

policies, procedures, and instructions to employees at all levels;

b.     A statement confirming that the Monitor's review of the prior complaints of

sexual harassment and/or retaliation as identified in Section X.A.13 above has been completed and a

summary of any changes to Defendants' Policy and/or procedures to address issues, if any, that were

identified through the review;

c.     A statement confirming that the required notices pertaining to this Decree, the

EEOC's toll-free number, Defendants toll-free Hotline number, and the revised anti-discrimination, anti-

harassment and anti-retaliation Policy have been posted;

d.     A report detailing the action Human Resources took in response to complaints

received on Defendants toll-free Hotline;

e.     The attendance lists of all attendees for all training sessions required under this

Decree that took place during the previous twelve months;

f.     A report from the Monitor regarding the effectiveness of the new Human

Resources Department; and

g.     A report detailing the performance evaluation given to managers and supervisors

as described in Section X.K above that includes confirmation of whether Defendants held Managerial, Human Resources, and any other Designated Employees accountable for not reporting complaints of discrimination, harassment, and/or retaliation.

3. Semi-Annual Reports

Defendants shall also provide the following reports semi-annually throughout the term of this Decree:

a. a complete employee list, including start date and job title;

b. complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

c. a description of all discrimination, harassment and retaliation complaints made, investigated or resolved in the previous six-months, including:

i. the names of the complainants;

ii. the nature of the complaint;

iii. the names of the alleged perpetrators of discrimination, harassment or retaliation;

iv. the dates of the alleged harassment or retaliation;

v. a brief summary of how each complaint was resolved; and

vi. the identity of each of Defendants' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation.

d. An analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution;

e. A report on the results of the EEO Compliance Audits performed pursuant to Section X.D. of this Decree that specifically outlines which locations were visited, what was observed, who was interviewed, and what course of action, if any, were taken; and

f. A copy of the annual audits pertaining to reemployed Claimants required under Section X.A.23.

g. A report detailing any planned changes to the Policy, procedures or record-

keeping methods for complaints, at least thirty (30) days prior to implementing such changes.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, Defendants shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' locations, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Consent Decree, Defendants shall assure that each of its officers, Managerial Employees, Human Resources professionals, and other Designated Employees is aware of any term(s) of this Decree that may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree including but not limited to that required under Sections VIII.A.3; VIII.A.6; and X.B shall be delivered

///

///

///

///

///

///

///

31

to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.    The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:    2/15/19                                     /s/ Anna Y. Park

By:    Anna Y. Park
       Attorney for Plaintiff EEOC

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

Date:    2/15/19

By:    Richard I. Dreitzer
       Attorney for Defendants

Date:    2/15/19

By:    Dominick Conti, President and Owner
       Defendants Lucinda Management, LLC, *et al.*

## ORDER

The provisions of the foregoing Consent Decree are deemed to be fundamentally fair, adequate, and reasonable and thereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Date:    February 19, 2019

The Honorable  Miranda M. Du
United States District Judge

32

# EXHIBIT A

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

**NOTICE OF CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of U.S. Equal Employment Opportunity Commission v. Lucinda Management, LLC, Centennial Food Corporation dba IHOP Restaurant, Nellis Food Corporation dba IHOP Restaurant, Cheyenne Food Corporation dba IHOP Restaurant, Craig Food Corporation dba IHOP Restaurant, Bayshore Food Corporation dba IHOP Restaurant, DiHOP Corporation dba IHOP Restaurant, Cooper Street Clam & Oyster Bar, LLC, and Does 1-5, inclusive; (hereinafter collectively referred to as "Lucinda Management") Case No. 2:17-cv-02458-MMD-GWF, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. In September 2017, the EEOC filed a lawsuit in the United States District Court against Lucinda Management alleging that they subjected Charging Parties Sherri Sargent, Mercedes Garcia, Aubrey Brown, and a class of similarly aggrieved individuals to sexual harassment and retaliation.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.

Lucinda Management is committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying sex discrimination, sexual harassment, and retaliation. Lucinda Management will not tolerate discrimination against employees on the basis of that person's sex, race, national origin, color, religion, disability, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your sex, national origin, age, race, color, religion, or disability, or retaliated against, you may seek assistance from:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
1-800-669-4000

Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> LUCINDA MANAGEMENT, LLC, CENTENNIAL FOOD CORPORATION dba IHOP RESTAURANT, NELLIS FOOD CORPORATION dba IHOP RESTAURANT, VEGAS FOOD CORPORATION dba IHOP RESTAURANT, CHEYENNE FOOD CORPORATION dba IHOP RESTAURANT, CRAIG FOOD CORPORATION dba IHOP RESTAURANT, BAYSHORE FOOD CORPORATION dba IHOP RESTAURANT, DiHOP CORPORATION dba IHOP RESTAURANT, COOPER STREET CLAM & OYSTER BAR, LLC, and Does 1-5 Inclusive, <br><br> Defendant. | Case No.: 2:17-cv-02458-MMD-GWF <br><br><br> **CERTIFICATE OF SERVICE** <br><br> **RE: CONSENT DECREE; [PROPOSED] ORDER** |

-1-

I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission.

My business address is U.S. Equal Employment Opportunity Commission, Las Vegas Local Office, 333 Las Vegas Boulevard South, Ste 5560, Las Vegas, NV 89101.

On the date that this declaration was executed, as shown below, I served the foregoing **CONSENT DECREE; [PROPOSED] ORDER** via the Case Management/Electronic Case Filing (CM/ECF) system to:

Richard I. Dreitzer, Esq.
Nevada Bar No. 6626
James T. Tucker, Esq.
Nevada Bar No. 12507
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
300 South Fourth Street, Eleventh Floor
Las Vegas, NV 89101
(702)727-1400
Richard.dreitzer@wilsonelser.com
James.tucker@wilsonelser.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2019, at Los Angeles, CA.

s/ *Anna Y. Park*
Anna Y. Park